UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMAS DAWSON,

    Plaintiff,

vs.

SUN LIFE ASSURANCE COMPANY
OF CANADA (U.S.),

    Defendant.
_____)

## COMPLAINT

The Plaintiff, THOMAS DAWSON (hereinafter "DAWSON" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA (hereinafter "SUN LIFE") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. DAWSON brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of plan.

2. DAWSON was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. SUN LIFE is a corporation with its principal place of business in the State of Delaware, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, SUN LIFE, is authorized to and is doing business within the Southern District of Florida.

### COUNT I (LTD Plan)
### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

5. DAWSON was at all times material an employee of Adams and Associates, Inc., ("ADAMS").

6. DAWSON was at all times material a plan participant under the Adams and Associates, Inc., Long Term Disability Income Insurance Plan under Group Policy Number 13689 (the "LTD Plan") which is established by ADAMS and pursuant to which DAWSON is entitled to benefits. A true and correct copy of the Group Policy has been attached hereto as Exhibit "A."

7. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. SUN LIFE is the insurer of benefits under the LTD Plan and was appointed by ADAMS, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

9. As the decision maker and payor of plan benefits, SUN LIFE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, SUN LIFE is not entitled to a deferential standard of review.

10. SUN LIFE is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on DAWSON'S claim at issue.

11. Pursuant to the terms and conditions of the LTD Plan, DAWSON is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **Total Disability or Totally Disabled** means during the Elimination Period and the next 24 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation. After Total or Partial Disability benefits combined have been paid for 24 months, the Employee will continue to be Totally Disabled if he is unable to perform with reasonable continuity any Gainful Occupation for which he is or becomes reasonably qualified for by education, training or experience.
>
> The loss of a professional or occupational license or the inability to obtain or qualify for a license for any reason does not, in itself, constitute Total Disability.
>
> To qualify for benefits, the Employee must satisfy the Elimination Period with the required number of days of Total Disability, Partial Disability or a combination of days of Total and Partial Disability.

13. At all relevant times, DAWSON has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

14. Since approximately August 30, 2011, DAWSON has been disabled under the terms of the LTD Plan.

15. Since on or about August 30, 2011, due to his disability, DAWSON has been unable to perform with reasonably continuity any gainful occupation for which he is or becomes reasonably qualified for by education, training or experience.

16. At all relevant times, DAWSON was a Covered Person under the LTD Plan.

17. Shortly after becoming disabled under the terms of the plan, DAWSON made a claim to SUN LIFE for disability benefits which SUN LIFE initially approved.

18. DAWSON received long term disability benefits from SUN LIFE for a period of 24 months.

19. By way of a letter dated June 4, 2012, SUN LIFE denied DAWSON'S continued receipt of

Long Term Disability benefits effective June 7, 2012 and contended that DAWSON was not disabled.

20. DAWSON properly appealed SUN LIFE'S adverse determination by letter dated November 30, 2012.

21. In a letter dated May 7, 2013 SUN LIFE affirmed its adverse determination and advised DAWSON that its decision was final and all required administrative appeals had been exhausted.

22. From June 8, 2012 to the present date, DAWSON has not received benefits owed to him under the LTD Plan, despite DAWSON'S right to these benefits.

23. SUN LIFE has refused to pay DAWSON LTD benefits since June 7, 2012.

24. At all relevant times, SUN LIFE was the payer of benefits.

25. At all relevant times, SUN LIFE was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, SUN LIFE was appointed by ADAMS, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

27. At all relevant times, DAWSON has been and remains Disabled and entitled to LTD benefits from SUN LIFE under the terms of the LTD Plan.

28. Pursuant to 29 U.S.C. §1132(a)(1)(B), DAWSON, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

29. DAWSON has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of SUN LIFE'S failure to pay him disability benefits.

30. DAWSON has exhausted all administrative remedies under the LTD Plan.

31. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to DAWSON at a time when SUN LIFE knew, or should have known, that DAWSON was entitled to those benefits under the terms of the LTD Plan, as DAWSON was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of DAWSON'S claim for LTD benefits;

    (c) After DAWSON'S claim was terminated in whole or in part, SUN LIFE failed to adequately describe to DAWSON any additional material or information necessary for DAWSON to perfect his claim along with an explanation of why such material is or was necessary.

    (d) SUN LIFE failed to properly and adequately investigate the merits of DAWSON'S disability claim and failed to provide a full and fair review of DAWSON'S claim.

32. DAWSON believes and thereon alleges that SUN LIFE wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which DAWSON is presently unaware, but which may be discovered in this future litigation and which DAWSON will immediately make SUN LIFE aware of once said acts or omissions are discovered by DAWSON.

33. Following the termination of benefits under the LTD Plan, DAWSON exhausted all administrative remedies required under ERISA, and DAWSON has performed all duties and

obligations on his part to be performed under the LTD Plan.

34. As a proximate result of the aforementioned wrongful conduct of SUN LIFE, DAWSON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

35. As a further direct and proximate result of this improper determination regarding DAWSON'S claim for benefits, DAWSON, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), DAWSON is entitled to have such fees and costs paid by SUN LIFE.

36. The wrongful conduct of SUN LIFE has created uncertainty where none should exist; therefore, DAWSON is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, THOMAS DAWSON prays for relief against SUN LIFE ASSURANCE COMPANY OF CANADA as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 9, 2013

          ATTORNEYS DELL AND SCHAEFER,
          CHARTERED
          Attorneys for Plaintiff
          2404 Hollywood Boulevard
          Hollywood, FL 33020
          (954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com